# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-40089
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Abraham Ramirez,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1120-2

―――――――――――――――――――――

Before Elrod, Haynes, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Abraham Ramirez appeals the 151-month sentence of imprisonment imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute 400 grams or more of fentanyl. Ramirez contends that the district court erred by determining he was ineligible for relief under 18 U.S.C. § 3553(f), a safety-valve provision that exempts qualifying defendants

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

from mandatory minimum penalties. In particular, he asserts that § 3553(f)(1), which precludes safety-valve relief if a defendant has previously been convicted of certain crimes, should be interpreted to make a defendant ineligible only if all three disqualifying criminal-history conditions in § 3553(f)(1)(A)–(C) are satisfied. Based on that interpretation, Ramirez claims he is eligible for relief because he did not have a prior two-point violent offense under § 3553(f)(1)(C).

The government has filed an unopposed motion for summary affirmance on the basis that Ramirez's argument has been foreclosed by our precedent, or, alternatively, for an extension of time to file its brief. The government is correct that our precedent forecloses Ramirez's argument. We, and more recently, the Supreme Court, have held that a defendant is eligible for safety-valve relief under § 3553(f)(1) only if he does not have four criminal history points, does not have a prior three-point offense, and does not have a prior two-point violent offense. *See Pulsifer v. United States*, 601 U.S. 124, 132 (2024); *United States v. Palomares*, 52 F.4th 640, 642 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 1092 (2024). Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The government's alternative motion for an extension of time is DENIED.

However, there is a clerical error in the written judgment. Ramirez pleaded guilty to a superseding indictment. Yet the written judgment failed to distinguish between the original and superseding indictments in the count of conviction and also recorded the same count as dismissed. Accordingly, we REMAND the case for the correction of the clerical error in the written

No. 22-40089

judgment in accordance with Federal Rule of Criminal Procedure 36.  *See United States v. Cooper*, 979 F.3d 1084, 1088–89 (5th Cir. 2020).